IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP BASA, on behalf of himself )
and all other plaintiffs similarly )
situated, known and unknown, )
 )
    Plaintiffs, )
 ) No. 10 C 5089
  v. )
 )
RIZZA CHEVROLET, INC., )
 )
    Defendant. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Philip Basa[1] filed a two-count complaint against Rizza Chevrolet, Inc. ("Rizza Chevrolet") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") (Count II). Defendant has moved to dismiss Count II. For the reasons given below, that motion is denied.

Plaintiff was hired by Rizza Chevrolet and worked as a counterman. Plaintiff alleges that Rizza Chevrolet failed to pay him overtime as required by the IMWL.

---

[1] Basa filed this lawsuit "on behalf of himself, and all other plaintiffs similarly situated, known and unknown[.]" Compl. at 1. Because no determination has yet been made regarding class certification, I will refer to him as "plaintiff" in this opinion.

Rizza Chevrolet argues[2] that this case is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), because the employment relationship between plaintiff and Rizza Chevrolet is governed by a collective bargaining agreement ("CBA"). The LMRA provides for federal jurisdiction over labor disputes governed by CBAs and has been interpreted as preempting state law claims that require interpretation of a CBA. *In re Bentz Metal Products Co.*, 253 F.3d 283, 286 (7th Cir. 2001). The question of whether a state law claim is preempted by virtue of a CBA "requires [a] case-by-case factual analysis to determine the extent to which a state law claim will require interpretation of a CBA." *Id*. at 285. Rizza Chevrolet maintains that although plaintiff's complaint does not reference a CBA, resolving plaintiff's IMWL claim for overtime necessarily involves interpreting the governing CBA. Rizza Chevrolet relies on the following dicta in *In re Bentz* to support its preemption argument: "[i]f the entitlement to wages (or other employee pay) or the amount due were at issue, the CBA would control; almost certainly, interpretation of the agreement would be necessary and would be subject to the arbitration procedures in the contract. So as to that determination, preemption would apply." 253 F.3d at 289.

---

[2] Defendant has brought its motion under Federal Rule of Civil Procedure 12(b)(6). However, its preemption argument more properly is brought pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1) (providing for dismissal of claim for lack of subject matter jurisdiction).

2

According to Rizza Chevrolet, because the IWRA claim is preempted, and because plaintiff failed to follow the grievance procedure in the CBA, Count II must be dismissed.

Defendant's motion to dismiss turns on whether or not the resolution of plaintiff's IMWL claim requires interpretation of a CBA.[3] Put simply, plaintiff argues that his claim arises from the IMWL, not the CBA. Plaintiff maintains that he seeks to enforce a statutorily-created right to overtime found in the IMWL, and has elected to forego his claim for overtime in the CBA. As such, plaintiff argues that his claim under the IMWL does not require interpretation of the CBA.

In *Wisconsin Central, Ltd. v. Shannon*, 539 F.3d 751, 755-56 (7th Cir. 2008), an employer sought a declaratory judgment that the Railway Labor Act ("RLA")[4] and applicable CBAs would preempt its employees from enforcing the overtime provisions of the IMWL. The district court found for the employer, concluding that determining whether the employer had violated the IMWL would require interpreting the applicable CBAs. The Seventh Circuit reversed, holding that the district court lacked jurisdiction because the

---

[3] *In re Bentz* makes clear that "a state law claim is not preempted if it does not require interpretation of the CBA even if it may require reference to the CBA." 253 F.3d at 285.

[4] The preemption provision in the RLA is "virtually identical" to the preemption standard employed in cases involving Section 301 of the LMRA. *See Hawaiian Airlines v. Norris*, 512 U.S. 246 (1994).

3

claim was not ripe for adjudication. *Id*. at 761. The court held that for an entitlement to overtime to be "at issue," and for preemption to apply, there must be an actual dispute between the parties as to the interpretation of the relevant terms of the CBA. *Id*. at 760. According to the Seventh Circuit, "preemption under the RLA will only occur if the parties dispute the CBAs' terms, and even then, arguably only if the dispute is relevant as to liability as opposed to damages[.]" *Id*. The Seventh Circuit[5] concluded that without an identification of a dispute between the parties concerning terms or provisions in the CBA, it was premature for the district court to find preemption.

A fellow district court, faced with similar facts, recently addressed this identical question and concluded that it was premature for the court to rule on preemption. *Chavez, et al. v. Don Stoltzner Mason Contractor, Inc., et al*., No. 10 C 264, 2010 WL 1417029 (N.D. Ill. Apr. 5, 2010). In *Chavez*, plaintiffs, who faced the same preemption argument presented here, argued that their IMWL claims were not preempted because their claims for overtime were not based on an interpretation of the governing CBAs. *Id*. at *3. In ruling that it was premature to decide the preemption question, the court relied on *Wisconsin Central*. *Id*. at *3-4. The *Chavez*

---

[5] The Seventh Circuit in *Wisconsin Central* rejected as unpersuasive the dicta in *In re Bentz*. 539 F.3d at 760 (stating that "the district court incorrectly placed reliance" upon the dicta in *In re Bentz*).

4

court recognized that *Wisconsin Central* presented a different procedural posture, but nonetheless concluded that *Wisconsin Central* was "directly applicable to the instant motion to dismiss." *Id*. at *4. The court explained:

> While this case does involve a live dispute brought by an employee for violation of the IMWL, and thus is procedurally distinct from the declaratory judgment action in *Wisconsin Central* and is not, as such, unripe for adjudication, the reasoning of *Wisconsin Central* is directly applicable to the instant motion to dismiss. Our case is ripe, but it would be premature for us to find that Plaintiffs' IMWL claim requires interpretation of the CBAs when we do not yet know whether any provisions of the CBAs are in dispute. As stated earlier, § 301 preemption is founded on the principle that CBAs should be uniformly interpreted through the use of federal interpretive rules. If the meaning of a CBA is undisputed, there is no risk of divergent interpretations and no reason for § 301 preemption.

*Id*. I see no reason to disagree with the court's conclusion in *Chavez*.

Defendant makes the same arguments rejected in *Wisconsin Central* and *Chavez*. It argues that I will have to interpret the CBA provisions in order to resolve the IMWL claim. However, defendant does not identify any disagreement with plaintiff over the meaning of any CBA provisions which would necessitate an interpretation of the CBA. The Seventh Circuit's ruling in *Wisconsin Central* leads me to conclude that it would be premature to find that plaintiff's IMWL claim requires interpretation of the CBA when I do not know whether any provisions of the CBA are in dispute. Defendant's reliance on *Gonzalez v. Farmington Foods,*

5

*Inc.*, 296 F. Supp. 2d 912 (N.D. Ill. 2003), is inapposite because that district court case pre-dated *Wisconsin Central*. Likewise, I respectfully disagree with, and am not persuaded by, *Anderson v. JCG Indust., Inc., et al.*, No. 09 C 1733, 2009 WL 3713130 (N.D. Ill. Nov. 4, 2009). The *Anderson* court did not mention or address *Wisconsin Central*, a Seventh Circuit case I conclude is directly on point.

For all the foregoing reasons, I conclude that it is premature to rule on the question of preemption. Thus, defendant's motion to dismiss [13] is denied.

                                       **ENTER ORDER:**

                                      **Elaine E. Bucklo**
                                      United States District Judge

DATED: November 15, 2010